part of the cargo, as he had a right to do, by assigning to the order of Captain Clement seven hundred piculs of coffee, which went free of freight, and out of the proceeds of this coffee he had a right to pay himself for the balance; as this coffee was not charged with freight or insurance, there was every reason to conclude it would be amply sufficient to pay the balance due Captain Clement.

Under these circumstances, I think it would not be just to charge the defendant with interest before the arrival of the vessel at Antwerp. The account must therefore be made up as upon an entire purchase, crediting what was paid at Batavia; the balance payable out of the proceeds of the seven hundred piculs of coffee, which came consigned to Clement's order. That not being sufficient, interest must be allowed on such balance from the time it was ascertained at 5 per cent.; balance payable in London, as the whole transaction, as appears evidently to have been the understanding, was to be wound up there.

The account must be stated on the principles above laid down, and judgment entered for the balance.

---

CLEMENTS (MUDD v.). See Case No. 9,900.

CLEMENTS (ODORLESS EXCAVATING CO. v.). See Case No. 10,437.

CLEMENTS (UNITED STATES v.). See Cases Nos. 14,816 and 14,817.

---

## Case No. 2,884.

### CLEMENTON v. BEATTY.

[1 Cranch, C. C. 178.] [1]

Circuit Court, District of Columbia. July Term, 1804.

#### PLEA IN ABATEMENT.

If the contract was with the defendant and another as joint partners, the defendant cannot take advantage of it but by plea in abatement.

At law. Assumpsit [against F. Beatty, Jr.] for goods sold and delivered.

Mr. Mason objected that the goods were delivered to Fisher & Beatty jointly as partners.

Mr. Swann contended that he could not take advantage of this on the general issue, and cited the case of Rice v. Shute [unreported].

CRANCH, Circuit Judge, stated that he considered the principle to be laid down generally, that where a partnership was alleged by the defendant, he must plead it in abatement, and name all the partners.

Mr. Mason abandoned the point.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 2,885.

### CLEMENTSON v. WILLIAMS.

Circuit Court, District of Columbia. June, 1812.

[Cited in Waller v. Stewart. Case No. 17,109. Nowhere reported; opinion not now accessible. See Clementson v. Williams (possibly same case on appeal), 8 Cranch (12 U. S.) 72.]

---

CLEMSON (DAVIS v.). See Case No. 3,630.

---

## Case No. 2,886.

### The CLEOPATRA.

[5 Ben. 290; [1] 14 Int. Rev. Rec. 29.]

District Court, E. D. New York. July, 1871.

SMUGGLING—FORFEITURE — EVIDENCE OF INFORMERS.

Seamen engaged on board a steamship were arrested while engaged in smuggling segars, which they had brought into the port on board of her. The seamen were promised immunity, and an information having been filed against the steamship to forfeit her under the 50th section of the statute of March 2, 1799 (1 Stat. 665), the evidence of the seamen was relied on to secure the forfeiture. It appeared that neither the owners, nor the master, nor any officer of the ship, was engaged in or knew of the smuggling, but all had been solicitous to prevent smuggling. *Held*, that the evidence of the men was sufficient to sustain the action, and the decree required by the statute must follow, but that the course pursued in the matter by the government officials was open to severe criticism. The district attorney was therefore recommended to present the facts to the attorney general, before the signature of the decree.

In admiralty.

J. J. Allen, Asst. Dist. Atty., for the United States.

Sherwood & Howland, for claimants.

BENEDICT, District Judge. The charge against this steamer is, that segars, subject to duty, were imported in her, and landed from her in the night, and without a permit, in violation of the 50th section of the statute of March 2d, 1799, according to which a forfeiture of the vessel follows such acts. The proof of the charge consists of the evidence of hands employed on the steamship, who were arrested for smuggling certain segars, which were found in their possession and seized. Although the evidence is open to some suspicion, still I am bound to declare it sufficient to maintain the action. The commission of the offence is sworn to positively by the offenders. The segars said to have been landed from the steamer were actually found, and no evidence is produced to disprove the statements of these witnesses. The value of the segars landed is proved to have exceeded $400, and consequently I am bound to render the decree, which the law declares shall follow when such proof is made. In

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]